## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALISSA PERRY** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:21-cv-301** |
| | ) | |
| | ) | |
| **SAM'S EAST, INC.,** | ) | **RE: Motion for summary judgment** |
| **d/b/a SAM'S CLUB,** | ) | **ECF No. 22** |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

U.S. D.J. Susan Paradise Baxter

Pending before this Court is Defendant Sam's East, Inc.'s ("Sam's Club") motion for summary judgment. ECF No. 22. For the reasons stated herein, the motion will be denied.

**Procedural Background**

This negligence action was originally filed in the Court of Common Pleas of Erie County and was thereafter removed to this court by Sam's Club. Based on diversity of the parties and the amount in controversy, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff Malissa Perry alleges that she slipped and fell on a floor mat in a "pedestrian walkway" at the front of a Sam's Club store in Erie, Pennsylvania. She asserts that the floor mat constituted a dangerous condition because it was "not properly secured to the floor" and/or was not slip resistant. She further alleges that she was not warned of its presence and that it should not have been present in the "pedestrian walkway." Because of the fall allegedly caused by the mat, Plaintiff claims she was seriously injured.

Sam's Club moves for summary judgment and Perry has filed a response in opposition thereto. ECF No. 22; ECF No. 27. Sam's Club has filed a Concise Statement of Material Facts [ECF No. 25]; Plaintiff filed a Counterstatement of Material Facts [ECF No. 28; ECF No. 30]; and Defendant filed a Response to the Counterstatement [ECF No. 32].

The evidentiary record before this Court consists of deposition transcripts of Ms. Perry and her daughter, D'Lachanique Sherman, as well as Sam's Club employees Brian Kitchen and Holly Baldauf, and video surveillance of the fall. ECF No. 24. Additionally, Plaintiff has submitted an expert report. ECF No. 27.

**Standard of Review**

Federal Rule of Civil Procedure 56(a) requires the court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.* at 248; *Gray v. York Newspapers, Inc*., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am*., 927 F.2d 1283, 1287-88 (3d Cir. 1991).

2

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp*., 963 F.2d 599, 600 (3d Cir. 1992). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of their pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond their pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Further, under Rule 56, a defendant may seek summary judgment by  pointing to the absence of a genuine fact issue on one or more essential claims elements. *Id.* at 323 (holding that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial"). In this respect, "summary judgment is essentially 'put up or shut up' time for the nonmoving party." *NRV Inc. v. Majestic Hills, LLC*, 2023 WL 3043780, at *3 (W.D. Pa. Apr. 21, 2023) *quoting Berckeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

**Factual Background[1]**

It is undisputed that Ms. Perry slipped and fell on a mat near the main doors of the Sam's Club store. Ms. Perry testified that she never saw the mat. ECF No. 25, at ¶ 22. She acknowledged that she was not paying attention to the floor and that she was not even thinking

---

[1] The factual background is taken from the Concise Statements and Counterstatements submitted by the parties. ECF No. 25; ECF No. 30; ECF No. 32.

about what was on the floor when she walked through the area. *Id*. at ¶ 26. There was nothing obstructing her view. *Id*. at ¶ 23; ECF No. 34, Video at 1:01:24. Although the mat was white against a highly polished grey concrete floor, Ms. Perry did not notice the contrasting color of the mat prior to her fall. ECF No. 25, at ¶ ¶ 24-25. Significantly, the mat itself and any information about the mat (such as its brand name or model) are no longer available.

The parties differ in how they characterize the area in which Ms. Perry fell. Ms. Perry characterizes it as a "pedestrian walkway" from the exit area to the entrance area of the store, while Sam's Club describes the area as a "small opening" between a wall and a shelving divider.[2] Only a small portion of the area is visible in the video provided to the Court.

Assistant Manager Holly Baldauf testified that there was a distinct entrance to and exit from the interior of Sam's Club from the vestibule of the store. ECF No. 25, ¶ 8. The entrance and exit were separated by steel shelving that acted as a divider in the store's interior between the entrance and exit doors. Shoppers enter the store through the doors on one side of the shelving divider and exit the store through the doors on the other side. *Id*. at ¶ 9.[3]

It is apparent from photos that the shelving divider is perpendicular to the wall with a space between the end of the divider and the wall. ECF No. 25, ¶ 9. At the time of the incident the area was not blocked with a chain, rope, or warning signs. ECF No. 32, ¶ 12.

---

[2] One employee calls it "an employee area between the two doors." ECF No. 24-3, page 8 (Brian Kitchen).

[3] The items on the steel shelving often consisted of storage on the top shelves and merchandise on the lower shelves. Any merchandise displayed on the shelving would face the entrance side so that only the back side of the display would be visible to members exiting the store as the Club members would have checked out and would be leaving the store when they reach that area. *Id*. at ¶ ¶ 10-11.

At her deposition, Ms. Perry explained that in order to return an item at the member services desk (after she had checked out), she intended to "cut through" the area between the wall and the steel shelving divider to get to the entrance side of the store. ECF No. 25, at ¶ 18. As she walked toward this area, which she agreed was a confined space no larger than a small doorway, she never saw the anti-fatigue mat. *Id*. at ¶ 22. Perry cut through this area instead of walking out of the exit doors into the vestibule and re-entering the store through the entrance doors. *Id*. at ¶ 28. As she was walking through this area, she encountered the mat and slipped and fell.

Brian Kitchen, a sales associate who was checking customer receipts that day, testified that he would typically stand on the mat "while waiting for members with their receipts." *Id*. at ¶ 7. Both Ms. Baldauf and Mr. Kitchen testified that Sam's Club offered no training, instruction, or protocol about the use or placement of the mat. ECF No. 24-4, pages 7-8; ECF No. 24-3, page 4.

**Discussion and Analysis**

**1. Sam's Club owed a duty to Ms. Perry.**

Under Pennsylvania law[4], a plaintiff has the burden to establish these elements: (1) that the defendant had a "duty or obligation recognized by the law [that] require[s] the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another." *Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. Nov. 30, 2005)

---

[4] As a federal court exercising diversity jurisdiction, this Court must apply the substantive negligence law of the Commonwealth of Pennsylvania to this dispute. *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. Mar. 28, 2000).

*citing In re TMI*, 67 F.3d 1103, 1117 (3d Cir. Oct. 17, 1995). *See also Toro v. Fitness International LLC.,* 150 A.3d 968, 976-77 (Pa. Super. Nov. 10, 2016) *citing Estate of Swift by Swift v. Northeastern Hosp.,* 690 A.2d 719, 722 (Pa. Super. Apr. 10, 1997).

"The nature of the duty which is owed in any given situation hinges primarily upon the relationship between the parties at the time of the plaintiff's injury." *Toro*, 150 A.3d at 977. Pennsylvania has adopted the Restatement (Second) of Torts to determine the duty that a possessor of land owes to those who come onto their land. *See Kirschbaum v. WRGSB Assocs*., 243 F.3d 145, 152 (3d Cir. Mar. 9, 2001) *citing Carrender v. Fitterer*, 469 A.2d 120, 123 (Dec. 14, 1983).

Ms. Perry was an invitee to its store[5] and accordingly, Sam's Club had a duty to protect her from foreseeable harm. *Carrender*, 469 A.2d at 123. "The duty owed to a business invitee is the highest duty owed to any entrant upon land." *Taylor v. Wal-Mart Stores East, L.P*., 2023 WL 2330737, at *2-3 (W.D. Pa. Mar. 2, 2023) *quoting Dahl v. Sam's E., Inc.*, 258 A.3d 485, 2021 WL 2287438, at *3 (Pa. Super. June 1, 2021). As to the scope of the duty owed, Pennsylvania has adopted § 343 of the Restatement (Second) of Torts which states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

---

[5] Because § 332 of the *Restatement (Second) of Torts* defines an "invitee" as "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land," Ms. Perry was a business invitee at the time of her fall.

*Pusateri v. Wal-Mart Stores East, L.P.*, ___ F.Supp.3d ___, 2022 WL 17821614, at *3 (Dec. 20, 2022) *quoting* Restatement (Second) of Torts § 343.

Section 343A of the Restatement goes on to explain that "a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Id*. The Restatement continues

> There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm. […] Such reason may … arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.

*Id*. at cmt. f.

## 2. Perry has presented evidence from which a jury could conclude that the mat constituted a dangerous condition.

Courts in this Commonwealth recognize that the "mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitee's, nor raises a presumption of negligence." *Myers v. Pennsylvania Traffic Co*., 606 A.2d 926, 928 (Pa. Super. 1992) (en banc). A plaintiff's "ability to produce evidence of a dangerous or hazardous condition is the crux of a premises liability action involving a slip-and-fall." *Carter-Butler v.*

*Target Store #2596*, 2016 WL 8716338, at * 3 (E.D. Pa. Feb. 19, 2016) *quoting Daniels v. Sears & Sears Roebucks & Co.*, 2016 521205, at * 3 (E.D. Pa. Feb. 10, 2016).

So then, the question at this initial stage of the analysis is whether Ms. Perry produced evidence that the mat was a dangerous or hazardous condition. Sam's Club contends that she has not. It bears noting that Ms. Perry is at a disadvantage in this regard because the mat and all information about the mat are unavailable to her.[6] However, even without the mat, Ms. Perry points to sufficient evidence of record that the mat constituted a dangerous condition. The expert report of Architect Catherine Peterman concludes that the mat was dangerous "because it was placed in a foreseeable walkway and not secured to the floor." ECF No. 27-1, page 17. Ms. Peterman opines that Ms. Perry fell "because of an unsecured loose mat in a foreseeable pedestrian walkway." *Id*. at page 11. Perry points to photographic evidence that after the fall, the mat was not flat on the floor, from which a jury could conclude that the mat was not slip-resistant. *Id*. at page 10. There is also evidence that Sam's Club created the hazardous condition as the store offered no instructions, protocols, or training to its employees about the proper use or placement of the mats. ECF No. 24-3, page 4; ECF No. 24-4, pages 7-8.

### 3.  Jury shall determine whether danger was known and obvious.

Next, Defendant asserts that assuming that the mat did constitute some risk to Perry, it was an open and obvious conditions obviating any duty that Sam's Club owed no duty to Ms. Perry.

---

[6] Ms. Perry suggests that the motion for summary judgment could be denied on the basis of spoliation of evidence and indicates that she will request a spoliation inference at trial. ECF No. 27, page 11.

The duty a possessor, like Sam's Club, owes to an invitee is not absolute. *Roessing v. United States*, 2021 WL 1663590, at *5 (W.D. Pa. Apr. 28, 2021). The possessor owes no duty to the plaintiff if that plaintiff "discovered dangerous conditions which were both open and avoidable, and nevertheless proceeded voluntarily to encounter them." *Id. quoting Carrender*, 469 A.2d at 123 (cleaned up). "A danger is *known* if it is 'recognized that it is dangerous,' and *obvious* if 'both the condition and the risk are apparent to and would be recognized by a reasonable [individual], in the position of the visitor, exercising normal perception, intelligence, and judgment.'" *Hinerman v. Westmoreland County Airport Auth*., ___ A.3d ___, 2023 WL 4002424, at *3 (Cmwlth. Ct. June 15, 2023) *citing Carrender*, 469 A.2d at 123-24.

The question of whether a danger was known or obvious is generally "a question of fact for the jury, [but] the question may be decided by the court where reasonable minds could not differ as to the conclusion." *Carrender*, 469 A.2d at 124, *citing* Restatement, § 328B at cmts c and d. Here, the question will be left to the jury as reasonable minds could differ as to whether this mat represented an open and obvious hazard that Ms. Perry voluntarily "proceeded to encounter." A mat is generally designed as something that is to be stood or walked upon so that a reasonable visitor would not necessarily recognize such as a known or obvious danger. This determination will be left to the jury.

Summary judgment will be denied. A separate order follows.